IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TOLISIA S. RUSH**                                                                                      **PLAINTIFF**

**VS.**                                                                 **CAUSE NO.** 1:20cv72-GHD-RP

**WISE STAFFING SERVICES, INC., d/b/a
DAY-HELP, LLC; PACCAR ENGINE
COMPANY, INC.; and BAUCOM BUILDING
MAINTENANCE, INC.**                                                  **DEFENDANTS**

                                                                                                **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and punitive damages for gender and disability discrimination, and for malicious interference with contract. Plaintiff shows the Court the following facts:

1.

Plaintiff TOLISIA S. RUSH is an adult resident citizen of 20 Babs Road, West Point, Clay County, Mississippi 39773.

2.

Defendant WISE STAFFING SERVICES, INC., d/b/a Day-Help, LLC ("Wise Staffing") is a Mississippi Corporation. Defendant may be served with process upon its registered agent, Patricia Pannell, 432 Magazine Street, Tupelo, Mississippi 38801.

Defendant BAUCOM BUILDING MAINTENANCE, INC. ("Baucom")is a Mississippi Corporation. Defendant may be served with process upon its registered agent, Leslie Baucom, 5380 Highway 182 East, Columbus, Mississippi 39704.

Defendant PACCAR ENGINE COMPANY, ("PACCAR") is a Mississippi corporation that does business in Lowndes County, Mississippi. Defendant may be served with process upon its registered agent, Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110. Defendant in the business of manufacturing engines.

3.

Plaintiff brings this action to redress claims of sex discrimination arising under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and discrimination under the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101, *et. seq*. This Court has supplemental jurisdiction for a state law claim of malicious interference with employment.

4.

Around July 2016, Plaintiff was hired by Wise Staffing to work for Baucom, an independent contractor at PACCAR, in Columbus, Mississippi. Plaintiff's immediate supervisor was Tommy Fisher, who was the top person for Baucom at the PACCAR facility.

5.

At the time Plaintiff was hired, she informed her supervisor, Tommy Fisher, that she had pins in her left arm and wrist as a result of a car accident that occurred around 2006. For the first two (2) weeks of her employment, Plaintiff wrapped incomplete motors and head. After two (2) weeks, she was asked to begin wrapping completed motors. Plaintiff informed Fisher that she would not be able to do that job because of her wrist/arm limitations. Fisher told Plaintiff not to worry about that; the men would wrap the completed motors and the women would wrap the uncompleted motors. To Plaintiff's knowledge, the men always wrapped the completed motors while Plaintiff worked for Baucom at PACCAR.

6.

When Plaintiff first started at PACCAR, the crews were working three (3) shifts. There were four (4) employees on each shift - two (2) male and two (2) female. Sometime around 2017, the plant reduced to only two (2) shifts, with only two (2) employees working on each crew. Still, Baucom maintained a gender balance on each crew, this time one male and one female. Upon information and belief, the eight (8) persons who lost their jobs with Baucom at PACCAR from the downsizing were moved to other facilities by Baucom.

7.

Plaintiff was an excellent employee and, to her knowledge, did not receive any write ups or disciplinary actions. However, in late 2018, everything would change.

8.

Around November 2018, Plaintiff's crew partner, Devoris O'Neal, missed several days of work because of a death in his family. While O'Neal was out, the female from the other shift, Helen Coleman assisted Plaintiff during part of THE shift. On one of those days that O'Neal was out, two (2) PACCAR employees, Zavier Jones and Quentell Lowery, were trying to wrap a completed motor, but were not able to do so. They asked Plaintiff to do it. Plaintiff told Jones and Lowery that she was unable to do it because of the pins in her arm/wrist. Lowery told Plaintiff that he would have to talk to his supervisor, Jake Vidrine, about this. Plaintiff told her supervisor, Tommy Fisher, about the problem. Fisher talked to Lowery and told Plaintiff to just prep it from now on, and someone else would put it on the pallets.

9.

Prior to this incident, Plaintiff had no issues with Jones or Lowery. After the incident, they claimed to find many faults with her work. Jones and Lowery would not bring the work order to Plaintiff until after her shift, and then complain to his boss that Plaintiff was not doing anything. There were no complaints about Plaintiff's male co-worker, even though he often sat in his car and smoked, even though the facility was a no smoking facility.

10.

Prior to the incident, Lowery told Plaintiff that is was acceptable for her to sit down if she was caught up. After the incident, Plaintiff received complaints about her sitting. To Plaintiff's knowledge, no one never complained about her male co-worker sitting in his car and smoking. In fact, Plaintiff's male co-worker, O'Neal, would come to work drunk on some occasions, and the PACCAR male workers thought it was funny, even though he was operating a forklift and could have hurt himself or someone else.

11.

On February 13, 2019, Tommy Fisher told Plaintiff that Jake Vidrine wants her gone. Plaintiff asked why. Fisher told Plaintiff that Vidrine said they needed employees who could do the whole job. Fisher also mentioned that he did not like the fact that Plaintiff was sitting down on occasion.

12.

That same day, when Fisher walked Plaintiff to the parking lot, he called Byron LNU trying to find a place to move Plaintiff to work. However, Bryon told Fisher he had no place to put her.

Since that day, Defendant Baucom has not offered to move Plaintiff to any other facility, effectively firing her.

13.

After February 13, 2019, Plaintiff called Wise Staffing practically every week, but was repeatedly told that it did not have any work for her.

14.

Plaintiff applied for unemployment benefits and was awarded benefits. If Plaintiff had turned down employment, as Defendant Baucom falsely claims in its position statement to the EEOC, Plaintiff would not have been eligible for benefits.

15.

In April 2019, one of Plaintiff's friends, who worked at Columbus Marble Works through Wise Staffing, told Plaintiff she was leaving Columbus Marble Works for a job at Yokohama in West Point. Plaintiff called Wise Staffing about this opening, and she was hired for the position. However, the job paid substantially less than she was making with Defendants.

16.

Plaintiff has filed EEOC charges and received the right to sue letters against Defendants, and are attached hereto. Specifically: (a) the EEOC charge and right to sue letter regarding Defendant Wise Staffing are attached hereto as Exhibits "A" and "B"; (b) the EEOC charge and right to sue letter regarding Defendant PACCAR are attached hereto as Exhibits "C" and "D"; the EEOC charge and right to sue letter regarding Defendant Baucom are attached hereto as Exhibits "E" and "F."

17.

Defendants are liable to Plaintiff for the following:

A. Defendant Wise Staffing is liable to Plaintiff for gender discrimination and disability discrimination. Plaintiff is able to work, but Defendant regarded her as having a disability;

B. Defendant Baucom is liable to Plaintiff for gender discrimination and disability discrimination. Plaintiff is able to work, but Defendant regarded her as having a disability; and

C. Defendant PACCAR is liable to Plaintiff for malicious interference with employment, in that:

1. Defendant PACCAR's actions were intentional and willful;

2. Defendant PACCAR's actions were calculated to cause Plaintiff's damages in her lawful employment by causing her to be terminated;

3. Defendant PACCAR's actions were done for the unlawful purpose of causing to be terminated without right or justifiable excuse; and

4. Plaintiff suffered actual losses in the form of lost income and mental anxiety and stress.

18.

Plaintiff's discharge has caused mental anxiety and stress and lost income. Defendants actions are outrageous such that punitive damages are due.

**REQUEST FOR RELIEF**

Plaintiff, therefore, requests actual and punitive damages, as might be determined by a jury, reinstatement and/or front pay, and reasonable attorney fees and costs.

RESPECTFULLY SUBMITTED, this the 15th day of April, 2020.

                TOLISIA S. RUSH, Plaintiff

By:   */s/ JIM WAIDE*
       Jim Waide, MS Bar No. 6857
       Ron Woodruff, MS Bar No. 100391
       waide@waidelaw.com
       WAIDE & ASSOCIATES, P.A.
       332 North Spring Street
       Tupelo, MS 38804-3955
       Post Office Box 1357
       Tupelo, MS 38802-1357
       (662) 842-7324 / Telephone
       (662) 842-8056 / Facsimile

       ATTORNEYS FOR PLAINTIFF