IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TOLISA S. RUSH                                                            PLAINTIFF

V.                                                   CASE NO. 1:20-cv-72-GHD-RP

WISE STAFFING SERVICES, INC. d/b/a
DAY-HELP, LLC; PACCAR ENGINE
COMPANY, INC.; and BAUCOM BUILDING
MAINTENANCE, INC.                                         DEFENDANTS

## AGREED PROTECTIVE ORDER

Before the Court is the *ore tenus* motion of Wise Staffing Services, Inc. ("Wise Staffing"), PACCAR Engine Company ("PACCAR"), and Baucom Building Maintenance, Inc. (collectively the "Defendants") for a protective order in this case. The Court has been advised that the parties are in agreement with the substance and form of this order and, the Court being fully advised in the premises, finds that the motion is well taken and is GRANTED. The terms of the protective order are as follows:

This Agreed Protective Order ("Order") pertains and applies to all documents, records, files, voice recordings, videos or other information or things obtained and discovered by Plaintiff, Tolisa Rush from any of the Defendants relating to or containing: (1) information about financial, business, or corporate matters concerning Defendants; (2) personnel information concerning any current or former applicants for employment to and/or employees of Defendants; and (3) personal, employment, financial, or business information concerning any clients of Defendants and/or the employees of such clients. All such documents, records, files, voice recordings, videos or other information or things described in this paragraph (hereinafter referred to as "protected information") shall be subject to the following provisions unless otherwise agreed by all parties to the suit or ordered by the Court.

IT IS THEREFORE ORDERED as follows:

A. Documents and other materials containing protected information shall be produced with the affixed phrase "Documents Subject to Protective Order."

B. Rush and her attorneys shall use the protected information only for the purpose of the preparation and prosecution of this particular litigation and for no other purpose whatsoever.

C. Rush and her attorneys shall not copy, disseminate, give, show, make available, discuss or communicate concerning any protected information produced or provided by Defendants to anyone other than to the parties, an attorney of record, including the attorney's staff, any expert designated by Rush in this case, the court reporter(s), or to the Court and its officers when required in the proceeding. Rush and her attorneys will take reasonable measures to ensure that any expert, or employee or agent of such expert, who reviews protected information covered by this Order will comply with the confidentiality requirements of this Order.

D. Rush and her attorneys, shall not copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any documents, records, files, voice recordings, videos or other information covered by this Order, except as necessary for purposes of the litigation.

E. Protected information covered by this Order does not lose its protection if it is used in depositions, discovery responses, or other litigation proceedings of this case, and Rush and her attorneys shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use and in any subsequent transcription of the proceeding.

F. If Rush desires to file in the Court record any document or material containing protected information, Rush shall request that the document or material be filed under seal or, alternatively, subject to access restricted to court users and case participants.

G. Nothing in this Order shall prohibit any of the Defendants from objecting to the production or disclosure of any protected information on the grounds that such information is confidential, sensitive, protected by the attorney/client or work product privilege, or on any other basis under the law. Nothing in this Order shall preclude any of the Defendants from objecting to the admissibility or use of the protected information in this litigation.

H. Within thirty (30) business days after the conclusion of this litigation, by settlement or adjudication, including any appellate proceedings, all protected information (and all copies, transcriptions, or reproductions in any form whatsoever) produced or provided to Rush or her attorneys by Defendants shall, upon written request from any of the Defendants be returned to Defendants' counsel of record. In lieu of returning the materials, the Parties may mutually agree that the protected information will be destroyed. Counsel may retain their attorney work product even though it contains protected information, but such retained work product shall remain subject to the terms of this Order. This paragraph does not apply to any protected information in any court file.

I. The Parties agree that if any protected information covered by this Order is to be produced under seal or subject to restricted access, the Parties will comply with the requirements of the Court of record.

J. If a dispute arises as to the applicability of this Order to protected

information produced or provided by Defendants, the disputes shall be resolved, if possible, by agreement of the Parties to this action. If after a reasonable time the Parties cannot reach an agreement to resolve such a dispute, a Party may move seek relief with the Court pursuant to the case management order and Court rules.

K.   The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment, including any appellate proceedings in this case, whether by settlement or adjudication.

L.   This Order is entered without prejudice to the right of any Party to seek modification of this Order.

M.   The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

DATED, this the 3rd day of August, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE


Agreed to and Approved By:

/s/ *Ron L. Woodruff*
RON L. WOODRUFF (MSB # 100391)

WAIDE & ASSOCIATES, P.A.
POST OFFICE BOX 1357
TUPELO, MS 38802
TELEPHONE: 662/842-7324
FASCIMILE: 662/842-8056
EMAIL: waide@waidelaw.com
*Attorneys for Plaintiff*

<u>/s/ *Grafton E. Bragg*</u>
GRAFTON E. BRAGG (MSB # 104821)

Jennifer H. Scott (MSB # 101553)
Grafton E. Bragg (MSB # 104821)
Wise Carter Child & Caraway, P.A. 401 E. Capitol St., Ste. 600
Jackson, MS 39201
P.O. Box 651 Jackson, MS  39205-0651 T:  601.968.5534
F:  601.968.5593
jhs@wisecarter.com
geb@wisecarter.com
*Attorneys for Defendants*